UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GLENDA McELRATH,

        Plaintiff,

-v-

CITY OF DAYTON, OHIO, *et al.*,

        Defendants.

Case No. 3:11-cv-378

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING DEFENDANT CITY OF DAYTON'S MOTION TO DISMISS (ECF No. 6), GRANTING DEFENDANT DAYTON PUBLIC SERVICE UNION'S MOTION TO DISMISS (ECF No. 7), AND TERMINATING CASE.**

---

Pending before the Court are Defendant City of Dayton's Motion to Dismiss (ECF No. 6) and Defendant Dayton Public Service Union's Motion to Dismiss (ECF No. 7).[1] Plaintiff Glenda McElrath ("McElrath") asserts that her forced resignation constitutes a breach of the collective bargaining agreement between Defendant City of Dayton, Ohio ("Dayton"), and the Dayton Public Service Union ("Union"). *See* Compl., ECF No. 3.

**I. Factual Background**

McElrath was employed by Dayton as a building manager from November 27, 1995 until July 5, 2011. Compl. ¶¶ 1, 11. Between 2008 and 2009, McElrath was transferred to a building-attendant position at Dayton International Airport for which she claims she did not receive the

---

[1] While Defendants' motions are unopposed, it is unclear whether the Court may grant them for this reason. See *Demsey v. R.J. Reynolds Tobacco Co.* 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 WL 1277667 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000) (holding that a party's continuing "failure to respond" may be deemed a "confession" to the motion's merit)..Cf *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (holding that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded").

1

proper training. Compl. ¶¶ 12, 14. She was subsequently forced to resign from that position on June 28, 2011, for failing to perform her duties properly. Compl. ¶ 16.

As a member of the Union throughout her employment, McElrath was a beneficiary of the collective bargaining agreement between the Union and Dayton. Compl. ¶¶ 3-4. McElrath alleges that Dayton breached that agreement by forcing her to resign from her position. Compl. ¶ 17. Additionally, McElrath alleges that the Union breached its duty of fair representation by not opposing her forced resignation. Compl. ¶ 20. Both Defendants move to dismiss McElrath's claims for lack of subject matter jurisdiction under *Federal Rule of Civil Procedure 12(b)(1)* and for failure to state claims upon which relief may be granted under *Federal Rule of Civil Procedure 12(b)(6)*. *See* Def. City of Dayton's Mot. Dismiss; Def. Dayton Public Service Union's Mot. Dismiss.

**II. Analysis**

McElrath asserts that this Court has jurisdiction under 29 U.S.C. § 185 of the Labor Management Relations Act (LMRA), which specifically addresses suits by and against labor organizations. However, 29 U.S.C. § 185(a) only "establishes federal subject matter jurisdiction in contract disputes between an *employer* and a union representing employees in an industry affecting commerce." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (emphasis in original). Within this context, the term employer explicitly excludes "any State or political subdivision . . . or any labor organization (other than when acting as an employer)." 29 U.S.C. § 152(2).

The City of Dayton is early a political subdivision within the State of Ohio; therefore, it does not qualify as an "employer" within this context and 29 U.S.C. § 185 cannot provide a basis for jurisdiction.

Similarly, "labor organizations" are defined with reference to "employers." The LMRA defines "labor organizations" as organizations in which "employees" participate and which deal with "employers" concerning grievances, wages, hours, and other conditions of employment.

Since the City of Dayton is not an "employer" under the Act, Local 101 is not a "labor organization." under the Act. See *Crilly v. Southeastern Pa. Transp. Auth.*, 529 F.2d 1355, 1362-63 (3rd Cir. 1976).

Since 29 U.S.C. § 185 does not establish subject matter jurisdiction in this case and McElrath provides no other basis for this Court's jurisdiction, these claims must be dismissed. Accordingly, Defendant City of Dayton's Motion to Dismiss (ECF No. 6) and Defendant Dayton Public Service Union's Motion to Dismiss (ECF No. 7) are **GRANTED**.

### III. Conclusion

For the foregoing reasons, Defendant City of Dayton's Motion to Dismiss (ECF No. 6) is **GRANTED** and Defendant Dayton Public Service Union's Motion to Dismiss (ECF No. 7) is **GRANTED**. Having dismissed all claims, the captioned case is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Friday, November 09, 2012. [2]

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges the valuable contribution and assistance of judicial extern Catherine Tatum in drafting this opinion.

3